# UNITED STATES DISTRICT COURT

# DISTRICT OF IDAHO

| | |
|---|---|
| ROBERT CAYNE; RONNIE RIVERA; SEAN RIVERA; KEN McELROY; individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WASHINGTON TRUST BANK, a Washington corporation; and WEST SPRAGUE AVENUE HOLDINGS, LLC, a Washington limited liability company,<br><br>Defendants. | Case No.: 2:12-cv-000584-REB<br><br>**MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTION FOR ATTORNEY FEES AND PETITION FOR COSTS (DKT. 392)** |

Currently pending before the Court is Defendants' Motion for Attorney Fees and Petition for Costs (Dkt. 392). This Decision addresses and decides the issue of whether there is an entitlement to recover any of such fees and nontaxable costs.

## BACKGROUND

The facts of this case are detailed in multiple decisions issued during the course of the litigation. *See, e.g.*, (Dkts. 44, 174, 177, 263, 457.) Recounted briefly here are pertinent procedural history and substantive facts that bear upon Defendants' Motion.

Plaintiffs were members of the "Club at Black Rock" (the "Club"), a golf course and residential resort community located on the shores of Lake Coeur d'Alene, Idaho. Marketed and designed for people of affluence, Plaintiffs each paid a large sum of money as a membership deposit in order to become members of the Club. In doing so, club members entered into

**MEMORANDUM DECISION AND ORDER - 1**

Membership Agreements with the Club. Those agreements required payment of such membership deposits but also called for a return of the deposits under certain conditions, which included termination of membership, termination of the Membership Plan, and discontinuance of Club operations.

The Club was owned by a legal entity known as the Club at Black Rock, LLC (the "LLC"). Over time, the LLC borrowed more than $12 million from Defendant Washington Trust Bank ("Washington Trust"). The loans making up that debt were secured by various means, including security interests in the real and personal property connected with the Club. When the LLC fell into significant financial difficulty, the LLC and Washington Trust negotiated a work-out agreement – an "Agreement for Deed in Lieu of Foreclosure" (the "DIL"). As part of that agreement, Washington Trust released the LLC from all its debts and liabilities in exchange for conveyance of the real and personal property associated with the Club, and released the individual primarily responsible for the development of the Club from any personal liability for the indebtedness.[1]

In this certified class action lawsuit, Plaintiffs brought claims for breach of contract, misrepresentation/fraud, a consumer protection act violation, and sought to recover from Washington Trust the membership deposits they had paid to the Club. (Dkt. 1-1). This Court granted in part and denied in part Defendants' Motion for Judgment on the Pleadings. (Dkt. 44). Relevant here, the Court ruled that Plaintiffs had stated a plausible claim for relief for breach of

---

[1] Washington Trust transferred all of the property from the DIL to its wholly-owned subsidiary, Defendant West Sprague Avenue Holdings, LLC. For ease of discussion, the Court will refer to both as "Defendants" or collectively as "Washington Trust" in this Decision. The individual was Marshall Chesrown.

**MEMORANDUM DECISION AND ORDER - 2**

contract; however, the Court dismissed, without prejudice, Plaintiffs' claims for misrepresentation/fraud and violation of the Idaho Consumer Protection Act. *See id*. After further motion practice, the Court granted in part and denied in part both Plaintiffs' and Defendants' Motions for Summary Judgment. (Dkts. 174, 177). A two-week jury trial followed, resulting in a verdict in Defendants' favor. Following its rulings on Plaintiffs' Motion for Judgment as a Matter of Law and Motion for New Trial (as well as other post-trial motions), the Court now issues this Decision on whether Defendants are entitled to recover attorney fees and costs.

## ATTORNEY FEES

### 1. Pursuant to Rule 23(h), Defendants are Entitled to Recover Attorney Fees under Idaho Code § 12-120(3)

"In a certified class action, the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Fed. R. Civ. P. 23(h). In diversity actions, federal courts must follow state law as to attorney fees. *See Interform Co. v. Mitchell*, 575 F.2d 1270, 1272 (9th Cir. 1978). Generally, the law of the forum state is applied to determine whether a party is entitled to attorney fees. *See MRO Commc'ns, Inc. v. American Tel. & Tel. Co.*, 197 F.3d 1276, 1282 (9th Cir. 1999). If the attorney fee rules of the forum state conflict with the attorney fee rules of the state which provides the substantive law for the case, a choice of law analysis is undertaken. Only when there is a conflict between the law of the forum and the law of the state that provides the *substantive* law for the claim on whether to award attorney fees, is there a need for a choice of law analysis (which can include consideration of the non-forum state's public policy). Those circumstances are not present here. In this case, Idaho

is both the forum state and the state of the substantive law for the Membership Agreement; hence, a choice of law analysis is not required.[2]

In making this ruling, the Court considered the parties' arguments as to which state law controls for purpose of entitlement (or the lack of entitlement) to attorney fees. Plaintiffs contend that Washington law applies because Washington law governed the interpretation of the DIL. Washington law does apply to the DIL, as the Court previously held. (Dkt. 37). The DIL was a vital document in determining whether Plaintiffs could proceed with a claim that Defendants assumed a contractual liability for the refund of the membership deposits. But, it is the Membership Agreement that Plaintiffs sued upon and which formed the basis of their breach of contract claim.

The breach of contract claim was the only remaining claim in the case after the Court's ruling on the Motion for Judgment on the Pleadings. *See* (Dkt. 44); (Dkt. 52) ¶¶ 71-81. This claim was tried to the jury. Accordingly, Washington law does not apply to whether Defendants are entitled to attorney fees; instead, Idaho law applies. Idaho is both the forum state and the state supplying the substantive law and, thereby, the law on attorney fees. With this in mind, Defendants seek fees under Idaho Code § 12-120(3), which provides:

> In any civil action to recover on an open account, account stated, note, bill, negotiable instrument, guaranty, or contract relating to the purchase or sale of good, wares, merchandise, or services and in any commercial transaction unless otherwise provided by law, the prevailing party shall be allowed a reasonable attorney's fee to be set by the court, to be taxed and collected as costs. The term "commercial transaction" is defined to mean all transactions except transactions for personal or household purposes.

I.C. § 12-120(3).

---

[2] The Court ruled in an earlier decision that Idaho provided the substantive law for the Membership Agreement based on a valid choice of law provision. *See* (Dkt. 37). Plaintiffs also make public policy arguments regarding Idaho law, which the Court does address.

**MEMORANDUM DECISION AND ORDER - 4**

This frequently-invoked provision of Idaho law covers an array of business transactions. Among other things, an award of attorney fees is proper if "the commercial transaction is integral to the claim, and constitutes the basis upon which the party is attempting to recover." *Blimka v. My Web Wholesaler, LLC*, 152 P.3d 594, 599 (Idaho 2007) (citing *Brower v. E.I. DuPont De Nemours and Co.*, 792 P.2d 345, 349 (Idaho 1990)). Further, Idaho Code § 12-120(3) is triggered if a party alleges the existence of a contractual relationship of the type embraced by the statute, even though no liability under a contract is ultimately established. *See Miller v. St. Alphonsus Reg'l Med. Ctr.*, 87 P.3d 934, 948 (Idaho 2004). Likewise, if a party asserts a claim based upon the existence of an alleged commercial transaction, attorney fees are awardable to the prevailing party who defends against such claim even if the alleged commercial transaction is found not to have existed. *See id*.

Plaintiffs alleged the existence of a contractual relationship between themselves and Defendants that Defendants later breached. Plaintiffs' pleadings and the arguments establish this beyond dispute. According to Plaintiffs, Washington Trust "contractually bound itself to honor the Membership Contracts with the Club's members, including assuming the obligation to refund the membership deposits if any of the conditions precedent to triggering a refund of the membership deposits occurred." (Dkt. 52) ¶ 9. Further, Plaintiffs alleged that Defendants "breached the Membership Contracts by failing and refusing to refund Plaintiffs and the Class their membership deposits." *Id*. ¶ 78. Defendants successfully defended against this claim at trial and they are the prevailing party under the statute.

Plaintiffs then assert that Idaho Code § 12-120(3) does not apply because the jury found that Defendants did not assume the Membership Agreements. However, as described above, the

**MEMORANDUM DECISION AND ORDER - 5**

fact that Plaintiffs did not prevail on their claim that such a contractual relationship existed does not preclude Defendants from relying upon the same statutory provision for recovery of attorney fees that Plaintiffs would have relied upon had they prevailed.[3]  When a plaintiff alleges the *existence* of a commercial transaction that is the basis for its claim, it is the allegation that triggers the applicability of Idaho Code § 12-120(3) – not whether the commercial transaction, or liability under it, was actually established in favor of Plaintiffs.  *See Miller*, 87 P.3d at 948; *accord*, *American West Enters., Inc. v. CNH, LLC*, 316 P.3d 662, 671 (Idaho 2013).[4]

### 2. An Award of Attorney Fees Is Not Precluded by Constitutional Protections or Public Policy

Alternatively, Plaintiffs contend that an award of attorney fees in this case would violate what Plaintiffs contend is a fundamental state constitutional right of access to the courts.[5]  According to Plaintiffs, "[a]ssessing [them] over two million in attorney's fees in this class action effectively assesses a grossly disproportionate penalty on Plaintiffs for daring to pursue their grievances."  (Dkt. 461) p. 7.  They further argue that an award of attorney fees in this class action removes the efficacy of class actions to seek redress for injuries to a large number of potential claimants.  *See generally id.*

---

[3] In the Amended Complaint, Plaintiffs sought fees under Idaho Code § 12-120(3). *See* (Dkt. 52) ¶ 81.

[4] In *American West,* the plaintiff failed to prove an alleged breach of an implied warranty against a manufacturer. Even though the plaintiff had not dealt directly with the manufacturer, the court held that Idaho Code § 12-120(3) still applied because plaintiff sought to recover on the commercial nature of a transaction by seeking the benefit of an implied warranty. "[F]ailure of a party's claims based on a commercial transaction does not absolve a party of the attorney fees and costs that would be awarded under I.C. § 12-120." *American West*, 316 P.3d at 671. The court also noted that the plaintiff-purchaser claimed it was entitled to attorney fees pursuant to Idaho Code § 12-120(3) and then backtracked after the defendant was found not liable. *See id*.

[5] Plaintiffs rely upon Article I, Section 18 of the Idaho Constitution: "Courts of justice shall be open to every person, and a speedy remedy afforded for every injury of person, property or character, and right and justice shall be administered without sale, denial, delay, or prejudice."

**MEMORANDUM DECISION AND ORDER - 6**

Plaintiffs' argument on this theme is not persuasive, as neither the constitutional provision nor anything in Idaho case law supports their position. The purported economic hardship of an adverse award of attorney fees (and potential "chilling" result) that is implicit in their argument is always an uncertain and much-debated variable that depends entirely upon the nature of the case and the manner in which the case is prosecuted and defended, such that it is a moving target buffeted about by many different factors. Similarly, such factors are not unique to class actions. Further, even if the prospect of an adverse attorney fee award against a class action plaintiff might be perceived as unlikely at the outset of a lawsuit, such an award based upon Idaho Code § 12-120(3) in a breach of contract case is always a possibility. Finally, there is nothing punitive about the statute, which the Idaho Court of Appeals has described as purely even-handed:

> The statute [(Idaho Code § 12-120(3))] exhibits no punitive purpose. Rather, it treats reasonable attorney fees as a cost of using the court system to resolve disputes in specified types of commercial transactions; and it allocates this cost between the parties. Because this allocation turns solely upon a determination of the prevailing party, the statute is facially neutral. It identifies no favored category of litigant to be rewarded, nor disfavored category to be penalized.
>
> ....
>
> [W]e deem it clear that [Idaho Code § 12-120(3)], which creates no favorable class, does not impose a penalty. The determination of a reasonable attorney fee under this statute should not be colored by characterizing the award as a penalty.

*DeWils Interiors, Inc. v. Dines*, 678 P.2d 80, 83 (Idaho Ct. App. 1984), abrogated on other grounds by *BECO Const. Co., Inc. v. J-U-B Engineers, Inc.*, 233 P.3d 1216 (Idaho 2010).

In sum, Idaho courts have characterized the mandatory nature of an award under Idaho Code § 12-120(3) as substantive and have held that it "establishes an entitlement." *Griggs v. Nash*, 116 Idaho 228, 235 (1989). In this case, the jury was asked to decide a claim that

**MEMORANDUM DECISION AND ORDER - 7**

triggered the application of Idaho Code § 12-120(3) regardless of which direction the verdict was rendered. The statute doe not inquire as to the nature of the parties and does not distinguish between plaintiffs, or defendants, or class action cases. The focus is solely upon the nature of the claim.

Plaintiffs do not provide, nor has the Court found, decisions holding that an award of attorney fees would preclude the class action case from being "a meaningful option for injured parties to seek redress for their injuries." (Dkt. 461) p. 7. In non-class action cases, other courts have ruled that a right of access to the courts "does not necessarily mean that a litigant has the right to engage in cost-free litigation." *City and County of Broomfield v. Farmers Reservoir and Irrigation Co.*, 239 P.3d 1270, 1278 (Colo. 2010); s*ee also Farmland Indus., Inc. v. Frazier-Parrott Commodities*, 111 F.3d 588, 591 (8th Cir. 1997) (applying Missouri law, rejecting argument that award of fees violates Missouri's public policy of open access to its courts).

Additionally, courts routinely have awarded taxable costs to defendants in class action cases. *See White v. Sundstrand Corp*., 256 F.3d 580, 585-86 (7th Cir. 2001) ("[N]othing in Rule 23 suggests that cost-shifting is inapplicable to class actions."). In *White*, the court reasoned that "[e]ight persons caused this litigation to be brought, caused the costs to be incurred, and [they] should make the prevailing party whole." *Id*. at 586; *see also In re Williams Sec. Litig.*, 558 F.3d 1144, 1151 (10th Cir. 2009) (Rule 54's "presumption that a prevailing party will recoup certain costs fully applies to class actions."). "A fee-shifting statute that permits an award of attorney's fees to a prevailing party generally should be applied equally to both plaintiffs and defendants."

**MEMORANDUM DECISION AND ORDER - 8**

*Federal Civil Trials and Evidence* 19:303. Accordingly, the Court is not persuaded that awarding attorney fees violates public policy or is fundamentally unfair to Plaintiffs.[6]

Lastly, Plaintiffs argue that if an award of attorney fees is made, fairness should dictate that the Court limit the award against the class representatives to a pro rata share of the total fee award, *i.e.*, each remaining class representative should only be assessed 1/300 of the total fee award. See (Dkt. 461) p. 8. Plaintiffs acknowledge that they could not find any case "directly on point." *Id*. The Court has not located any ruling where attorney fees or costs were apportioned pro rata in a class action in analogous circumstances.[7]

In dicta, the Ninth Circuit has said that "[a]bsent class members have no obligation to pay attorneys' fees and litigation costs, except when they elect to accept the benefit of the litigation." *Wright v. Schock*, 742 F.2d 541, 542 (9th Cir. 1984). There, the plaintiffs brought a purported class action alleging violations of federal and state securities laws and fraud. A class was not certified and the plaintiffs were taxed $60,000 in costs. *See id*. at 545. The court noted that the plaintiffs would "in all likelihood . . . have had to bear this burden [of costs] alone, even if the class had been certified." *Id*. Similarly, in *Van de Kamp v. Bank of America*, 204 Cal.

---

[6] Defendants rely upon a California state trial court award of $1.5 million in attorney fees against the plaintiffs in a class action lawsuit. *See* (Dkt. 465-2). However, on appeal the fee award was vacated. *See Raceway Ford Cases*, 177 Cal. Rptr. 3d 616 (Cal. Ct. App. 2014); *Raceway Ford Cases*, 385 P.3d 397 (Cal. 2016).

[7] In a factually inapposite putative class action case, nine plaintiffs (after four years of litigation) stipulated to dismiss their claims with prejudice, with each party to bear its own costs. *See Johnson v. Allstate Ins.*, 2012 WL 4936598, at *1 (S.D. Ill. Oct. 16, 2012). Four months later, the remaining two plaintiffs moved to dismiss their claims. *See id*. The court granted the motion on the condition that the defendant could seek costs, but proportionately reduced the taxable costs, ruling that the "two remaining [plaintiffs] should not be left holding the bag" when Allstate stipulated to the dismissal of the other plaintiffs only four months earlier. *Id*.

**MEMORANDUM DECISION AND ORDER - 9**

App. 3d 819, 869 (Cal. Ct. App. 1988), a California appeals court held that the trial court abused its discretion in ruling that a prevailing defendants' costs should be borne by the entire class, rather than the named plaintiffs alone. The *Van de Kamp* court explained:

> the class representatives' dilemma - they must balance the risk of liability against their potential recovery . . . . While imposition of the entire cost burden on the named plaintiffs may have a chilling effect on the willingness of plaintiffs to bring class action suits, this effect easily may be outweighed by the potential recovery. All potential litigants must weigh costs of suit against likelihood of success and possible recovery before deciding to file suit. Those who choose to take the risks of litigation should be the ones who bear the costs when they are unsuccessful . . . .

*Id*.; *see also Earley v. Superior Court*, 79 Cal. App. 4th 1420, 1432 (Cal. Ct. App. 2000) (recognizing that "a potential liability for defense costs to class members who are required to opt out to avoid such membership, would undermine the effectiveness of the group remedy provided by the class action"); *Turner v. Alaska Commc'ns Sys. Long Distance, Inc.*, 78 P.3d 264, 268 (Alaska 2003) ("rule that permits the imposition of attorney fees on absent class members who stand to gain such small monetary compensation will encourage opt-outs and have a chilling effect on this important use of the class action device").

Similarly, the request for an apportionment of any fee award leaves open great uncertainties. A fee award apportioned pro rata based upon the number of class claimants, but with a judgment running only against the named Plaintiffs, would eviscerate the fee shifting legislative purpose of Idaho Code § 12-120(3). Such a division of the fee award also fails to recognize that the potential recovery for the members of the class, had Plaintiffs prevailed, was

not an identical amount for each member of the class because the amounts paid for the membership deposit varied over time.[8]

The Court is not persuaded by Plaintiffs' arguments that an award of attorney fees under Idaho Code § 12-120(3) violates the public policy of Idaho or somehow denies class action plaintiffs a constitutionally-guaranteed access to the courts. Nor is a pro rata apportionment warranted.[9] Idaho Code § 12-120(3) is a mandatory, fee-shifting provision that the Idaho legislature enacted to allocate the cost of using the courts to resolve disputes. The statute applies here because Defendants prevailed in defending a breach of contract action brought by Plaintiffs.

Accordingly, Defendants are entitled to recover attorney's fees under Idaho Code § 12-120(3). The amount of that award is still under consideration, because of the voluminous record and because of the Court's concern over the obvious potential for duplication of effort, as Defendants employed three different law firms in the case, including one that was brought into the case very late in the process. Therefore, the amount of the attorney fee award and the reasoning for such an amount will be contained in a decision which will follow at a later date.

---

[8] The named Plaintiffs are also, of course, the representatives of the class, charged with making decisions in recognition of their responsibilities to the class, and not just themselves. They are the parties to the case; the members of the class are just that. The record has no evidence as to how those decisions may have affected the larger class, particularly in regard to whether the members of the class had any understanding that they were at risk of being responsible in some measure for an award of attorney fees and costs.

[9] Plaintiffs include in their argument that if this Court is "uncertain as to whether an attorney's fee award is appropriate and/or the proper method of allocation of any award in this class action case, it has the option to certify the issue" to the Washington Supreme Court or the Idaho Supreme Court. (Dkt. 461) p. 9. The Court rejects this position as Plaintiffs advance no legitimate reason why this would be appropriate under Idaho Appellate Rule 12.3(c), nor does the Court independently find that the process of certifying an issue to either Supreme Court is proper for such a purpose here.

**MEMORANDUM DECISION AND ORDER - 11**

# NONTAXABLE COSTS

"[C]osts - other than attorney's fees- should be allowed to the prevailing party."  Fed. R. Civ. P. 54(d)(1).  However, "costs," as used in Rule 54, are not synonymous with "expenses." *Taniguichi v. Kan Pac. Saipan, Ltd.*, 132 S.Ct. 1997, 2006 (2012).  Rather, the Rule refers to *taxable* costs described in 28 U.S.C. § 1920.  *Id*.  These are "relatively minor, incidental expenses" such as "clerk fees, court reporter fees, expenses for printing and witnesses, expenses for exemplification and copies, docket fees, and compensation of court-appointed experts."  *Id*.

Defendants seek $104,358.96 in costs.  (Dkt. 392.)  Pursuant to Local Civil Rule 54.1, on March 28, 2016, Defendants submitted their Bill of Costs in the amount of $28,755.02.  (Dkt. 389).  The Clerk of Court issued an order taxing these costs in the same amount on April 13, 2016 (Dkt. 403).  That order included taxable costs to which the Defendants were entitled as a matter of right under statute.  *See* 28 U.S.C. 1920.

The remainder of the costs sought by Defendants are nontaxable costs, as to which there is no recovery as a matter of right under federal statute, but as to which there may be an entitlement to recovery.  The documentation submitted by Defendants identifies costs of travel, photocopy charges, law firm library charges, Westlaw legal research, outside delivery services, parking, taxi/car service, meals, Pacer fees, among other things.

Claims for nontaxable expenses must be made by motion.  Such motion must "specify the judgment and the statute, rule, or other grounds entitling the movant to the award."  Fed. R. Civ. P. 54(d)(2)(B)(ii).  "Rule 54(d)(2) creates a procedure *but not a right to recover* . . . [T]here *must be another source of authority* for such an award."  *MRO Commc'ns, Inc. v. Am. Tel. & Tel. Co.*, 197 F.3d 1276, 1280-81 (9th Cir. 1999) (citation omitted) (emphasis supplied).

Defendants provide no "statute, rule, or other grounds" entitling them to an award of these nontaxable costs.  *See* (Dkt. 392-1) p. 9.  The only statute identified by Defendants is Idaho Code § 12-120(3).  That statute governs attorney fees, as discussed at length *supra*, and does not address nontaxable costs of the type sought by Defendants.  Defendants have been awarded their taxable costs pursuant to Local Civil Rule 54.1.  Accordingly, their request for additional costs not taxable under Local Civil Rule 54.1 is denied.

# ORDER

**IT IS HEREBY ORDERED** that Defendant's Motion for Attorney Fees and Petition for Costs (Dkt. 392) is GRANTED IN PART and DENIED IN PART, as to the issue of entitlement.  A subsequent decision and order will follow, setting the amount of the award, with judgment.



DATED:  **August 30, 2017**

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge